## BUCKEYE STATE BLDG & LOAN CO v PIPER

Ohio Appeals, 2nd Dist, Franklin Co

No 2471. Decided Dec 21, 1934

Wilson & Rector, Columbus, for plaintiff in error.

Hamilton, Kramer & Wiles, Columbus, and John A. Connor, Columbus, for defendant in error.

**OPINION**

By KUNKLE, J.

We have considered with care the very complete briefs which have been filed by counsel upon the legal questions presented by the record.

There is also found in the record the opinion of Judge King, who passed upon the motions in question.

Judge King has reviewed the issues in the case and many of the pertinent authorities in considerable detail.

**Sec 11894, GC,** authorizes the appointment of a receiver to collect rents and profits during a foreclosure proceeding in certain cases.

Counsel during the oral argument sug-gest that the question of notice in cases of this nature has not been observed in the Court of Common Pleas and to some extent excuses the giving of notice of such appointment from the practice, which it is claimed, has prevailed in the past.

The right to so appoint a receiver, however, is challenged and we must determine this question as a matter of right rather than a matter of practice.

The petition clearly states a cause of action for the appointment of a reeciver where notice is given.

The subject of notice for appointment of a receiver is discussed at length in **Ohio Jurisprudence, Vol. 34 pp. 981-2 et seq.** At page 982, the rule is stated as follows.

"So where there is some imminent danger of loss, great damage, irreparable injury, or greatest emergency, or when, by the giving of notice, the very purpose of the appointment of a receiver would be rendered nugatory, a receiver may be appointed without notice to the adverse party."

Various authorities are cited in the text in support of this general proposition.

In our opinion the petition does not state such facts as would warrant the appointment of a receiver without notice.

We had the question of the appointment of a receiver without notice sometime ago in the case of Maddigan v Dollar Building and Loan Company. We then considered this question with care and this decision is also quoted and relied upon by Judge King in his written opinion.

We are in harmony with the conclusions reached by Judge King and think the judgment of the lower court should be affirmed for the reasons stated therein.

We have considered all the errors urged by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.